13523

POWERS v. FIDELITY & DEPOSIT CO. OF MARYLAND

(166 S. E., 729)

514

Affirmed.

516

*Mr. J. W. LeGrand,* for appellant,

*Messrs. Tobias & Turner* and *Tison & Miller,* for respondent,

November 25, 1932.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

As a statement of this case we adopt the agreed statement of counsel set forth in the transcript of record, as follows:

"Heretofore, in 1931, J. L. Powers, as plaintiff, commenced an action in the Court of Common Pleas for Marlboro County against National Surety Company of New York, as defendant, which resulted in a judgment, by default, in favor of the plaintiff, against the defendant, on the 14th day of March, 1931, which judgment was duly entered by the Clerk of Court for Marlboro County, as required by the terms of the order for judgment, for the sum of $450.00, together with $6.05 cost. Said judgment constitutes judgment roll No. 5980 in the office of the Clerk of Court.

"Thereafter a consent order was signed by his Honor, E. C. Dennis, Judge of the Fourth Circuit, dated April 11, 1931, and filed in the judgment roll on the 13th day of April, 1932, and a copy of same is set forth in this case on appeal.

"This case now on appeal was thereafter commenced by J. L. Powers, as plaintiff, against Fidelity & Deposit Company of Maryland, as surety for National Surety Company of New York, to recover the amount of the judgment, in-

terest, and costs which National Surety Company of New York, the principal, had failed and refused to pay; plaintiff claiming that the order in the former case, against National Surety Company, of date April 11, 1931, was of no effect because of the failure of defendant, National Surety Company, as plaintiff claimed, to comply with the terms of said order.

"In order to determine the status of said judgment against National Surety Company, the case now on appeal was referred to W. M. Stevenson, Esq., by consent order.

"From the finding of the referee against the defendant, in which he held that National Surety Company had failed to comply with the terms of consent order of April 11, 1931, exceptions were duly served by the defendant.

"Thereafter, his Honor, Judge T. S. Sease, heard the case on the report of the special referee, and exceptions thereto, and reversed the report of the referee to the extent set forth in his decree, which is printed in this case on appeal.

"This appeal is from the decree of Judge Sease."

The further facts in the case, necessary for an understanding of the questions presented to this Court by the appeal, are stated in the said order of his Honor, Judge Dennis, and the said decree of his Honor, Judge Sease. Upon due consideration of the entire record in the case we are satisfied with the conclusion reached by Judge Sease, and, for the reasons set forth in his decree, the exceptions are overruled, and the decree and judgment of the lower Court affirmed.

NOTE.—Let the order of his Honor, Judge Dennis, and the decree of his Honor, Judge Sease, be incorporated in the report of the case.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.